IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLNOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:<br>DANIEL H NAVARRO<br>REYNA V NAVARRO<br><br>___Debtor___<br>DANIEL H NAVARRO AND<br>REYNA V NAVARRO,<br>                      Plaintiffs<br>-vs-<br><br>CHASE BANK<br>                      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CHAPTER 13<br>Case No. 10 B 28970<br><br>Judge: Jack B. Schmetterer<br>Trustee: TOM VAUGHN<br><br>AP NO. 10 AP 01861 |

## ~~PROPOSED~~ Findings of Fact FIDINGS OF FACT AND CONCLUSIONS OF LAW

Findings of fact are based on the filed ~~Adversary Complaint~~ Findings of Fact as confessed and the Affidavit of Daniel H Navarro and Reyna V Navarro.

### A. The Parties

1. The plaintiffs is Daniel H Navarro and Reyna V Navarro ("Plaintiffs').

2. The Defendant is CHASE BANK ("Defendant").

### B. Factual Background

1. On June 29, 2010, Plaintiffs filed a petition for relief under Chapter 13 of Bankruptcy code.

2. Plaintiffs own the real estate commonly known as 2842 W. Rascher Ave., Chicago, IL 60625.

3. Bank of America holds a first mortgage lien on the real property commonly known as 2842 W. Rascher Ave., Chicago, IL 60625, with a secured claim of $389,158.00.

4. The Defendant holds a second mortgage lien on the real property known 2842 W. Rascher Ave., Chicago, IL 60625 in the approximate amount of $144,992.00.

5. That the fair market value at the time of filing of case number 10 B 28970 of the real estate was not more than $318,500.00. On August 25, 2010, zillow.com indicated a

1

value of $320,000.00.

6. The first mortgage lien of Bank of America is a secured claim based on the mortgage recorded on October 27, 2006 as a document number 0630005193 with the Cook County Recorder of Deeds, Illinois ("1st Mortgage").

7. The second mortgage lien of CHASE BANK is a claim based on the mortgage recorded July 5, 2005 as a document number 0518606143 with the Cook County Recorder of Deeds, Illinois ("2nd Mortgage"). 2nd Mortgage was subordinated to 1st Mortgage pursuant to Subordination Agreement dated October 3, 2006 and recorded on October 27, 2006 as document number 0630005194 with the Cook County Recorder of Deeds, Illinois

8. The current Chapter 13 Plan provides the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $1,300 per month.

9. Under the Plan, general unsecured creditors will be paid a dividend of fifteen percent (15%) of their allowed claim.

10. On September 23, 2010, Plaintiffs issued a summons and complaint to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiffs' property located at 2842 W. Rascher Ave., Chicago, IL 60625.

11. That on September 30, 2010 a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure by Certified U.S. Mail, to an officer of the Defendant at 270 Park Ave, 38th Floor, New York, NY 10017.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the fair market value of

2

$318,500.00.

15. The secured claim of Bank of America in the amount of $389,158.00 exhausts the value and equity in Plaintiffs' residence.

16. There is no value and equity to support the claim of the Defendant

~~PROPOSED~~ CONCLUSIONS OF LAW

A. Jurisdiction

1. The contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. § 157(a) and 1334(b).

2. Venue is proper in this pursuant to 28 U.S.C. § 1409.

B. Argument

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first Bank of America secured claim in the amount of $389,158.00 and the second CHASE BANK claim in the amount of $144,992.00.

5. That value of Plaintiffs' residence is $320,000.00

6. As there is no value or equity to support the second priority lien of CHASE BANK, the second CHASE BANK claim is not a claim secured at all by a security interest in the Debtors' residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 plan may value the collateral under FR. Bankr. P.3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of the discharge. *In re Meyer*, 2009 B 20268, Docket Entry 69 (Bankr. N.F.Ill. January 29, 2010).

United States Bankruptcy Judge

JAN 13 2011

3